UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRANDY BOND,

    Plaintiff,

v.                                                 Case No. 19-CV-29

MAGGIE SUTTON et al.,

    Defendants.

ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE AND
REPORT AND RECOMMENDATION TO DISMISS CASE

        On January 4, 2019, Brandy Bond filed a complaint against Maggie Sutton, Waukesha County Child Protective Services, and the Waukesha School District. Bond's complaint makes various allegations related to an apparent custody dispute concerning her minor son. (Docket # 1 at 3–4.) Bond also filed a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket # 2.) Bond has previously filed three cases in this District that were dismissed, including two last year. *Bond v. Milwaukee Police Dep't et al.*, No. 18-CV-1624 (E.D. Wis. October 30, 2018); *Bond v. Milwaukee Police Dep't et al.*, No. 18-CV-402 (E.D. Wis. August 21, 2018); *Bond v. Wis. Hosp. Grp. et al.*, No. 17-CV-114 (E.D. Wis. January 31, 2017). Bond's current complaint makes allegations virtually identical to her most recent filing, which Judge Adelman dismissed for failure to state a claim. (No. 18-CV-1624 (E.D. Wis. October 30, 2018), Docket ## 5, 6) Because this complaint does not state a claim for which

relief would be available in a federal court, I will deny Bond's motion to proceed *in forma pauperis* and recommend that this action be dismissed.[1]

## ANALYSIS

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, the court must first determine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). Second, the court must determine whether the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). To state a claim, a complaint must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *DeWalt*, 224 F.3d at 612. The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the

---

[1] Because the respondent has not yet appeared and had an opportunity to consent or refuse magistrate judge jurisdiction, I issue a report and recommendation regarding the screening of Bond's petitions. *See Coleman v. Labor and Industry Review Commission*, 860 F.3d 461 (7th Cir. 2017).

elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The court is obliged to construe a *pro se* plaintiff's allegations liberally. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Bond's allegations stem from an apparent custody dispute regarding Bond's minor child. Bond objects to the filing of a Chapter 48 CHIPS petition against her, the removal of her child from her custody without a court order, and the placement of her child with a guardian she alleges is abusive, alcoholic, and currently on bail on a DUI charge. (*Id.* at 3.) She also alleges that Sutton defamed her by lying to the Waukesha Sheriff's Department, claiming Bond had made death threats against her. (*Id.*) Although articulated somewhat differently, these claims are nearly identical to and arise from the same underlying circumstances as those in *Bond v. City of Waukesha Police Dept. et al.*, No. 18-CV-1624 (E.D. Wis. Oct. 30, 2018), which was dismissed for failure to state a claim. (*Id.* Docket ## 4, 6, 7.)

Because Bond's claims were dismissed in a prior proceeding, they are barred by *res judicata*. *Coleman v. Labor and Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468–70 (7th Cir. 2017) ("[A] dismissal at the screening stage for failure to state a claim . . . is a decision on the merits of the complaint. Not only will the plaintiff be precluded from filing the same complaint again; principles of res judicata will prevent her from filing another complaint that arises from the same underlying circumstances."). To the minimal extent Bond states new claims—for example, the Waukesha School District was not a named defendant in the earlier action—they are not cognizable federal claims. Regarding Bond's custody-related claims, federal courts are to abstain from hearing child custody matters. *See Brand v. Zate*, No. 18-C-326, 2018 WL 1342484 (E.D. Wis., March 15, 2018); *see also Ankenbrandt v. Richards,* 504 U.S.

3

689, 703 (1992); *In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). Regarding Bond's constitutional claims, she refers to the Equal Protection Clause of the Constitution (Docket # 1 at 3), but she does not allege any facts from which I could infer that she was discriminated against on any impermissible basis such as race or sex. The remainder of Bond's claims, such as negligence and defamation, are state law claims.

Even construed extremely liberally, Bond's complaint does not state any claim upon which relief may be granted and is barred by *res judicata*. Therefore, I will deny her motion to proceed *in forma pauperis* and recommend that her complaint be dismissed for failure to state a claim.

## RECOMMENDATION

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket # 2) be **DENIED**.

**IT IS RECOMMENDED** that this case be dismissed for failure to state a claim.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court

shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 7th day of January, 2019.

BY THE COURT

_s/ Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge