# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BRANDY BOND,

          Plaintiff,

v.

          Case No. 19-CV-29-JPS

MAGGIE SUTTON, WAUKESHA
PROTECTIVE SERVICES, and          **ORDER**
WAUKESHA SCHOOL DISTRICT,

          Defendants.

On January 4, 2019, Plaintiff Brandy Bond filed a *pro se* complaint alleging that the defendants, Maggie Sutton ("Sutton"), Waukesha Child Protective Services ("WCPS") and Waukesha School District ("WSD") violated her civil rights by removing her child from her custody. (Docket #1). Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). The case was randomly assigned to Magistrate Judge Nancy Joseph. The magistrate denied Plaintiff's motion to proceed *in forma pauperis* and recommended a dismissal of the action for failure to state a claim. (Docket #4 and #5).

Pursuant to General Local Rule 72(c), 28 U.S.C. § 636(b)(1)(B), and Federal Rule of Civil Procedure 72(b), the parties were advised that written objections to the magistrate's recommendation, or any part thereof, could be filed within fourteen days of the date of service of the recommendation. *Id.* The Court must review *de novo* any portion of the magistrate's recommendation to which the Plaintiff properly objects, and may accept, reject, or modify any part of the recommendation. Fed. R. Civ. P. 72(b)(3). On January 17, 2019, Plaintiff timely filed an objection, asserting that her

complaint was not properly evaluated under the liberal pleading standard applied to *pro se* litigants. (Docket #6 at 1). The Court has considered Magistrate Joseph's recommendation and will adopt it for the reasons stated below.

The Court is authorized to screen lawsuits filed by indigent litigants in order to fulfill the dual objective of ensuring access to the federal courts and preventing litigants from filing frivolous, malicious, or repetitive lawsuits. *See* 28 U.S.C. § 1915; *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). First, the Court must evaluate the litigant's ability to pay the initial filing fee. 28 U.S.C. § 1915(a)(1). Second, the Court must determine whether the action is "frivolous or malicious . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." *Id.* at 1915(e)(2)(B)(i)–(iii).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The magistrate dismissed Plaintiff's motion to proceed *in forma pauperis* because her complaint failed to state a claim upon which relief could be granted. *See* (Docket #4). For the same reason, the magistrate recommended the action be dismissed. (Docket #5).

Plaintiff alleges that Sutton (who seems to be a social worker) and WCPS wrongfully initiated a Child In need of Protection or Services ("CHIPS") petition under Wis. Stat. § 48 *et seq.* against her. (Docket #1). Shortly thereafter, Sutton, WCPS, and the Waukesha County School District

removed her child from her custody and placed the child with a drunk, abusive foster parent with a criminal history. *Id.* These are essentially the same allegations that Plaintiff made when, on October 15, 2018, she filed a claim in the Eastern District of Wisconsin naming Sutton, WCPS, and the City of Waukesha Police Department as defendants. *See* (Case No. 18-CV-1624, Docket #1). That claim was also dismissed because Plaintiff failed to allege a federal cause of action. (Case No. 18-CV-1624, Docket #5 and #6).

A judgment dismissing a complaint for failure to state a claim has *res judicata* effect as to that claim unless the dismissal order states otherwise. *Coleman v. Labor & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 468–70 (7th Cir. 2017); *Rinehart v. Locke*, 454 F.2d 313, 315 (7th Cir. 1971); Fed. R. Civ. P. 41(b). The dismissal order in 18-CV-1624 does not say that it is without prejudice, therefore prejudice is presumed. *See* Fed. R. Civ. P. 41(b); (Case No. 18-CV-1624, Docket #6). Therefore, that previously dismissed complaint has *res judicata* effect as to the claims that Plaintiff now attempts to assert against Sutton and WCPS.

Additionally, Magistrate Joseph rightly recommended dismissal of the action as to the Waukesha School District for several reasons. First, federal courts do not have jurisdiction over child custody matters which result in a custody order. *Akenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. 586, 593–94 (1890). To be fair, Plaintiff does not request a custody order as a form of relief—she requests monetary damages and "access to the publicly traded and government subsidized Hilton Hotel." (Docket #1 at 4, 6). However, the bulk of her complaint pertains to custody determinations that the Court would be powerless to adjudicate.

Second, Plaintiff alleges that her Equal Protection Rights were violated, but fails to allege a single fact that would allow the Court to infer

that the Waukesha School District took any action on the basis of Plaintiff's race or any other protected category.

Finally, a school district cannot be liable under Section 1983 for the individual violations of its employees; "liability must be founded on an official policy or custom." *Partee v. Met. Sch. Dist. of Wash. Twp.*, 954 F.2d 454, 455–56 (7th Cir. 1992) (citing *Monell v. Dep't. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978)). Plaintiff has not alleged any facts supporting the inference that her injuries were the product of the school district's widespread policy or custom. Therefore, the action as to the Waukesha School District must also be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff Brandy Bond's objections to Magistrate Judge Nancy Joseph's report and recommendation (Docket #6) be and the same are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation (Docket #5) be and the same is hereby **ADOPTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2019.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge